UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ABRAHAM PORTNOV,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 21-cv-00067-LB<br><br>**ORDER SCREENING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: ECF No. 1 |

## INTRODUCTION

The plaintiff Abraham Portnov, who represents himself in this action and who is proceeding *in forma pauperis*, sued the United States for an unidentified claim relating to his unsuccessful prior lawsuits in various federal district courts.[1] Before directing the United States Marshal to serve the defendant with the complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The plaintiff has not plausibly pleaded a federal claim. The court gives the plaintiff leave to amend the complaint by February 1, 2021.

---

[1] Compl. – ECF No. 1; Order – ECF No. 5. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 21-cv-00067-LB

**STATEMENT**

Even construed liberally, the plaintiff's complaint is difficult to understand. He alleges that he has filed various lawsuits in the past six and a half years, and that U.S. federal employees, including judges, clerks, and the Department of Justice, violated laws in handling his cases.[2] He has sued the United States for violations of his constitutional rights and other federal claims in this district and the Western District of Washington.[3] Courts have dismissed the plaintiff's claims on the basis of judicial immunity and sovereign immunity.[4] The plaintiff also contacted U.S. Senator Dianne Feinstein's office for assistance. He alleges that Senator Feinstein's office did not call him back or return the documents he submitted.[5]

**ANALYSIS**

**1. Sua Sponte Screening – 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As the

---

[2] Compl. – ECF No. 1 at 2–3.

[3] *Id*.

[4] *Portnov v. Grewal*, No. 16-cv-05598-BLF, Order – ECF No. 10 at 2–5 (N.D. Cal. Oct. 17, 2016) (dismissing claim against Judge Grewal on the ground of judicial immunity); *Portnov v. United States*, C 16-00310-RSL, Order – ECF No. 11 at 1–2 (W.D. Wash. Apr. 14, 2016) (dismissing claim against the United States on the ground of sovereign immunity and against Judge Grewal on the ground of judicial immunity); *Portnov v. United States,* C 16-1519-RSM , Order – ECF No. 9 (W.D. Wash. Oct. 18, 2016) (same), *aff'd, Portnov v. United States*, No. 16-35940 (9th Cir. Mar. 13, 2017) (appeal was frivolous).

[5] Compl. – ECF No. 1 at 3.

Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe *pro se* complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A *pro se* plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (internal quotations omitted).

**2. The Complaint Fails to State a Claim**

The complaint does not state a legally cognizable claim or facts that may support one.

The plaintiff does not identify the legal basis for his claim. Under the "law or right violated" section, he says only that "I am pro se and don't want to make mistake of law name."[6] He does not allege any specific claim or supporting factual allegations. This is insufficient. *Tannenbaum v. Cal. Dep't of Corrs. & Rehab.*, C 18-6770 WHA (PR), 2019 WL 469975, at *1 (N.D. Cal. Feb. 4, 2019) (Although "specific facts are not necessary," the pleading must "give the defendant fair notice of what the claim is and the grounds upon which it rests") (cleaned up).

In any amended complaint, the plaintiff must identify each claim and state the specific facts and actors that relate to each claim. The court reminds the plaintiff of the previous court's orders regarding judicial immunity and sovereign immunity, and it attaches those orders.

## CONCLUSION

The court has identified the complaint's deficiencies. The plaintiff may file an amended complaint by February 1, 2021 if he can cure the deficiencies. If the plaintiff does not file an amended complaint, the court will reassign the case to a district judge and recommend that the newly assigned judge dismiss the case. Alternatively, the plaintiff may also voluntarily dismiss this case by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice and allow him to pursue his claims later.

**IT IS SO ORDERED.**

Dated: January 11, 2021

LAUREL BEELER
United States Magistrate Judge

---

[6] *Id*. at 4.